# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For
## Person Under Supervision

**Name of Person Under Supervision:** Gerald J. Ratulowski     **Docket Number:**     0972 2:12CR00417-001

**Name of Judicial Officer**:     Chief United States District Judge Troy L. Nunley

**Date of Original Sentence:**     7/24/2014

**Original Offense:** 18 U.S.C. § 2252(a)(2) – Receipt of Child Pornography (Class C felony); 18 U.S.C. § 2253(a) – Criminal Forfeiture.

**Original Sentence:** 168 months custody; 120-month term of Supervised Release; No Firearms; DNA Collection; Sex Offender Registration; and $100 Special Assessment.

**Special Conditions:**

1.  Search - Sex Offender
2.  No On-Line Computer Access
3.  No Contact with All Minors
4.  Computer Inspection
5.  Pornography Restriction
6.  Sex Offender Treatment
7.  Mental Health Treatment
8.  Drug/Alcohol Testing
9.  Aftercare Co-Payment
10. Pre-Approved Residence

**Type of Supervision:**     TSR

**Date Supervision Commenced:**     10/24/2024

**Other Court Actions:**

**09/23/2024**:     Prob 12B – Petition to Modify the Conditions of Term of Supervision was approved incorporating the special condition that Mr. Ratulowski reside in a residential reentry center for a term of up to 180 days.

<hr>

**PETITIONING THE COURT**

☒   **TO ISSUE A NO BAIL WARRANT. THIS PETITION IS TO BE SEALED UNTIL FURTHER ORDER OF THE COURT.**

The probation officer alleges the Person Under Supervision has violated the following condition(s) of supervision:

**Charge Number**        **Nature of Violation**

**Charge 1:**        **UNAUTHORIZED ACCESS OF THE INTERNET**

On December 19, 2024, Mr. Ratulowski was in possession of cellular telephone with access to the internet. This conduct is in violation of the special condition which states, in sum, *"the defendant shall not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer."*

**Charge 2:**        **UNAUTHORIZED ACCESS OF THE INTERNET**

On September 16, 2025, Mr. Ratulowski was in possession of cellular telephone with access to the internet. This conduct is in violation of the special condition which states, in sum, *"the defendant shall not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer."*

**Charge 3:**        **UNAUTHORIZED POSSESSION OF PORNOGRAPHY**

On December 19, 2024, Mr. Ratulowski was in possession of images depicting sexually explicit conduct. This conduct is in violation of the special condition which states, in sum, *"the defendant shall not possess, own, use, view, read, or frequent places with material depicting and/or describing sexually explicit conduct ... as defined in 18 U.S.C. § 2256(2)."*

**Charge 4:**        **UNAUTHORIZED POSSESSION OF PORNOGRAPHY**

On September 16, 2025, Mr. Ratulowski was in possession of images depicting sexually explicit conduct. This conduct is in violation of the special condition which states, in sum, *"the defendant shall not possess, own, use, view, read, or frequent places with material depicting and/or describing sexually explicit conduct ... as defined in 18 U.S.C. § 2256(2)."*

**Justification:**  Mr. Ratulowski was sentenced on August 7, 2014, to 168 months imprisonment to be followed by 10 years supervised release.  This sentence followed his conviction for Receipt of Child Pornography, a Class C felony.  Mr. Ratulowski commenced his term of supervision on October 24, 2024. At the time supervision started, he was unable to secure independent housing; therefore, his special conditions were modified to include residential reentry center (RRC) placement.  As a public law resident,

Mr. Ratulowski lived Oakland's RRC. On March 31, 2025, he secured housing at Pete's Place, a boarding home in Sacramento, where he currently resides.

On December 19, 2024, while Mr. Ratulowski was still living at the RRC, this officer observed him in possession of a cellular telephone (Samsung Galaxy). A review of the phone revealed it was capable of accessing the internet. Mr. Ratulowski neither requested nor received permission to possess this device. He admitted using this device to view pornography but denied having searched for child sexual exploitation material. Mr. Ratulowski was strongly admonished and reminded that he is prohibited from both accessing the internet and viewing pornography. He acknowledged an understanding of his conditions of release.

The device was seized and sent to the District of Utah where its data was forensically extracted and reviewed. According to the Forensic Overview Report, approximately 839 images/videos ranging from sexually suggestive to pornographic were recovered from the device. The images recovered are noted to have a BDSM (bondage and discipline, dominance and submission, sadism and masochism). The seeking of BDSM and sexually explicit materials is also confirmed by noted browser history to include bookmarks, search terms, cookies, and downloads.

On May 6, 2025, another unauthorized device was discovered following a search of his room. It was determined that the RRC gave this phone to Mr. Ratulowski following his discharge from the center. It did not appear the phone contained contraband; however, it was nonetheless seized as it was a prohibited device.

On July 8, 2025, Mr. Ratulowski received permission to purchase a smartphone after he missed a scheduled polygraph exam. He claimed that since he did not have a phone, he was unable to get the help he needed to successfully attend his appointment. While Mr. Ratulowski received permission to purchase a phone, he was specifically advised that he was prohibited from using this device until the monitoring software was installed. During a home visit on July 13, 2025, he was observed in possession of a cellular telephone; however, the monitoring software had yet to be installed. The following day, during another home visit, I was informed that Mr. Ratulowski was in fact observed using the phone. He admitted using the phone to play games and further stated the monitoring software was not installed. The device was briefly inspected, and it appeared not to be functioning properly, possibly due to the presence of malware. Since Mr. Ratulowski failed to comply with my directives, the device was seized.

On September 16, 2025, after receiving information that Mr. Ratulowski was in possession of a cellular telephone a search was conducted and a smartphone (Vortex Z23) was found hidden between his mattress and the wall. Mr. Ratulowski advised the device belonged to another tenant, this despite the device being in his bed. A data extraction of the device was conducted by a detective assigned to the Sacramento Valley Hi-Tech, Internet Crimes Against Children Task Force.

On September 26, 2025, the forensically extracted data from the Vortex Z23 phone was reviewed. There were tens of thousands of images, and thousands of them were images ranging from sexually suggestive to pornographic. In addition to adult pornography, many images depicted minors ranging from sexually suggestive to pornographic. It is noted that many of the searched sites contained terms such as "young, petit, teen, 18 year old," making it very apparent that Mr. Ratulowski sought to view child sexual

exploitation material.  Lastly, it appears Mr. Ratulowski possessed this unauthorized device for nearly one year.  The following are some of the more notable terms gleaned from the phone's web history:

- Young girl suck horse dick until cum
- Sexy Teen Gets Strips Naked after Class – Pornhub.com
- teen videos – XVIDEOS.COM
- Japanese horny teen having bestiality – Luxure TV
- Teens Girls Lick Their Hot Pussies! – XVIDEOS.COM
- School girl piss and puke deepthroat she like a waterfall – XVIDOES.COM
- eager girl takes a camera up her ass – p..com – XVIDEOS.COM
- GOOD GIRLS LIKE IT ROUGH – Young Sex addicted Teens Fucked Hard And Without Mercy Compilation – XNXX.COM
- Fuck me Hard like you Hate me and Piss on me as if I were your Toilet, Daddy!Slut Training! - Pornhub.com

**Detention:**  The above-detailed charges represent Mr. Ratulowski's blatant disregard for the conditions and requirements imposed by this Court.  His repeated dishonesty is alarming, but what is more concerning is his absolute commitment to possess unauthorized devices used to view pornographic images of both adults and children.  This behavior further demonstrates that Mr. Ratulowski is in fact a risk to the community.  Accordingly, it is respectfully requested a warrant be issued for his arrest, and that he remains detained throughout all court proceedings.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**          **September 29, 2025**
                                        **Sacramento, California**

Respectfully submitted,

**Talia Carrubba-Katz**
**Senior United States Probation Officer**
Telephone:

**DATED:**      9/29/2025

Reviewed by,

**Lisa Hage**
**Supervising United States Probation Officer**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a no bail warrant. This Petition is sealed until further order of the court.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

**DATED: September 30, 2025**

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Josh Sigal

United States Marshal Service

PROB 12C
(Rev. 06/21)

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable Troy L. Nunley
Chief United States District Judge
Sacramento, California

RE:  Ratulowski, Gerald J
**Docket Number:** 0972 2:12CR00417

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:**      **UNAUTHORIZED ACCESS OF THE INTERNET**

    **a. Evidence:**

        i. Samsung Galaxy A03s Cellular Phone.

    **b. Witnesses:**

        i. Sr. U.S. Probation Officer Talia Carrubba-Katz.

**Charge 2:**      **UNAUTHORIZED ACCESS OF THE INTERNET**

    **a. Evidence:**

        i. Vortex Z23 Cellular Phone.

    **b. Witnesses:**

        i. Sr. U.S. Probation Officer Talia Carrubba-Katz.

**Charge 3:**      **UNAUTHORIZED POSSESSION OF PORNOGRAPHY**

    **a. Evidence:**

        i. Samsung Galaxy A03s Cellular Phone.

    ii.   District of Utah Forensic Overview Report.

  **b.  Witnesses:**

    i.   Sr. U.S. Probation Officer Talia Carrubba-Katz.

**Charge 4:**      **<u>UNAUTHORIZED POSSESSION OF PORNOGRAPHY</u>**

  **a.  Evidence:**

    i.   Vortex Z23 Cellular Phone.

  **b.  Witnesses:**

    i.   Sr. U.S. Probation Officer Talia Carrubba-Katz.

Respectfully submitted,

**Talia Carrubba-Katz**
**Senior United States Probation Officer**
Telephone: (916) 879-2611

**DATED:**   9/29/2025
          Sacramento, California

Reviewed by,

**Lisa Hage**
**Supervising United States Probation Officer**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person
Under Supervision:**   Gerald J. Ratulowski          **Docket Number:**   0972 2:12CR00417

**Date of Original Offense:**   10/09/2012

**Original term of supervised release imposed:** 120 **years**

**Highest grade of violation alleged:** C

**Criminal History Category of person under supervision:** I

**Original guideline range:** 168 **to** 210 **months.**

**Chapter 7 range of imprisonment:** 3 to 9 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**

☒         **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation:  YES:** ☐   **NO:** ☒

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.